**Opinion issued April 9, 2026**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-26-00300-CV**

———————————

**IN RE RYEN MICHELLE STAGGERS, Relator**

———————————

**Original Proceeding on Petition for Writ of Mandamus**

———————————

**MEMORANDUM OPINION**

Relator, Ryen Michelle Staggers, proceeding pro se, filed a petition for writ of mandamus "seek[ing] an immediate [e]mergency [s]tay of the March 27, 2026 [trial court] [o]rder."[1]  Relator's petition for writ of mandamus asserted that the trial court abused its discretion by signing the March 27, 2026 order.  Relator therefore

---

[1]  The underlying case is *In the Interest of M.K.S.-C, a Child*, Cause No. 2025-77173, in the 257th District Court of Harris County, Texas, the Honorable Sandra Peake presiding.

requested that this Court "[i]ssue an emergency order staying the enforcement of the March 27, 2026[] [o]rder . . . , stay all underlying proceedings in the [t]rial [c]ourt pending the resolution" of the petition, and to further grant her petition for writ of mandamus and direct the trial court to vacate the March 27, 2026 order "as void due to extrinsic fraud and the violation of [r]elator's due process rights."

Relator's mandamus record and appendix does not include an order signed by the trial court, dated March 27, 2026 or otherwise, so we are unable to study the order to address any arguments raised by relator. *See* TEX. R. APP. P. 52.3(l)(1)(B) (requiring relator to provide an appendix to petition for writ of mandamus including "a certified or sworn copy of the relevant trial court order"), 52.7(a); *see also In re State Farm Lloyds*, No. 05-25-01224-CV, 2025 WL 2723146, at *1 (Tex. App.—Dallas Sept. 24, 2025, orig. proceeding) (mem. op.) (denying mandamus relief "[b]ecause the mandamus record d[id] not include a copy of the trial court's order"). Accordingly, we conclude that relator has failed to establish she is entitled to mandamus relief, and therefore, the Court denies relator's petition for writ of mandamus. We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Justices Gunn, Caughey, and Morgan.